IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| GSS SALVAGE and SHAFFER & SONS CONSTRUCTION, INC., ) ) ) Plaintiffs, ) ) v. ) ) ALTER TRADING CORPORATION, ) ) Defendant. ) | NO. 08-3007 |

## OPINION

RICHARD MILLS, U.S. District Judge:

Defendant Alter Trading Corporation, relying on the deposition of William Shaffer, moves for summary judgment on Counts 5 and 6.

Plaintiff Shaffer & Sons Constructions, Inc., opposes the motion and relies on an affidavit containing further representations made by Shaffer.

Because Shaffer & Sons failed to comply with Local Rule 7.1(D) and because the later filed affidavit is inconsistent with Shaffer's deposition testimony, Alter's motion for summary judgment is granted.

I.  BACKGROUND

Alter is an Iowa corporation with its principal place of business in Missouri. Shaffer & Sons Construction, Inc., is an Illinois corporation with its principal place of business in Adams County, Illinois.

Plaintiffs filed a ten-count complaint against Alter, seeking various damages arising from the alleged breach of a series of contracts. Four counts are relevant to the pending summary judgment motion.

Count 2 alleges that in October 2004, Alter "orally agreed to pay [Shaffer & Sons] the sum of $110.00 per ton of scrap transported by [Shaffer & Sons] to [Alter's] scrap processing yard in Quincy, Illinois, from the Celotex Building . . . ." (Compl. Count 2, ¶ 3.) The delivered items, however, were sold by Alter prior to weighing. As such, Shaffer & Sons seeks to recover $70,477.25, a figure arrived at "by applying equipment and labor charges at customary rates." (Compl. Count 2, ¶ 4.)

Count 5 also relates to work at the Celotex Building. According to the Complaint, Alter entered into an oral agreement in December 2004 to pay Shaffer & Sons "to clear the fire lane at building six of the Celotex

plant and to clear out the basement at that location." (Compl. Count 5, ¶ 3.)  The Complaint alleges that the unpaid bills from this project total $228,986.50.

Also relevant are Counts 3 and 6.  The former relates to allegedly unpaid bills stemming from salvage work in several locations, including Keytesville, MO.  The latter seeks payment for unloading a gondola.

## II.  APPLICABLE STANDARDS

"Summary judgment is proper when the evidence on file demonstrates that there is no genuine issue as to any material fact." *Hampton v. Ford Motor Co.*, 561 F.3d 709, 713 (7th Cir. 2009) (citing Fed. R. Civ. P. 56(c)). All facts and reasonable inferences are construed in the light most favorable to the non-moving party.  *Id.*

## III.  ANALYSIS

### A.  Summary Judgment

Alter moves for summary judgment on Count 5, arguing that the job of clearing scrap from Celotex' basement is the same work alleged in Count

2.[1] Alter also moves for summary judgment on Count 6, arguing that the gondola work is redundant with Count 3's contract claim regarding salvage work in Keytesville.

In support of these claims, Alter relies on two undisputed material facts. First, "Shaffer & Sons admits that the clearing out of the basement of the Celotex plant alleged in Count of the Complaint is the very same work already alleged in Count 2." Second, "Shaffer & Sons admits the overloaded rail gondola job alleged in Count 6 of the Complaint is the very same work already contained in the freight bill for the Keytesville, Missouri job alleged in Count 3." Both of these propositions are adequately supported by record references to Shaffer's deposition.

Shaffer & Sons responds by asserting that both Counts 5 and 6 relate to projects different than those described in Counts 2 and 3. These arguments, however, suffer from serious defects.

First, Shaffer & Sons did not respond to Alter's statement of

---

[1]Count 5 also alleged a failure to pay for the clearing of a fire lane. Shaffer & Sons now admit (as they must, in light of Shaffer's clear deposition testimony) that they were paid in full for this job.

undisputed facts, as required by local rules, CDIL-LR 7.1(D)(2)(b)(1)-(2), but merely filed their own set of additional facts. As such, Alter's statements of undisputed facts (which, as mentioned above, find plenty of support in the record) are taken as true. *See Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994).

Second, Shaffer & Sons arguments rest entirely on Shaffer's last-minute affidavit which, in large part, contradicts his deposition testimony.

For example, Shaffer's affidavit states that "Count V . . . includes charges for other salvage activities performed . . . at the Celotex facility . . . [that] have been billed separately and do not include clearing the fire lane or the services described in Count II . . . ." (Shaffer Aff. ¶ 10.) Shaffer's deposition, however, contains the following exchange:

> Q: The work that's referred to in that Paragraph 3 and Paragraph 4 of that Count 2, is that the same work that's referred to in Paragraph 3 of Count 5 where it talks about clearing out the basement?
> A: Yes.
> Q: Okay. That same work is apparently in here twice?
> A: Yes.

(Shaffer Dep. at 129-130.)

Regarding Counts 3 and 6, Shaffer's affidavit states that "[t]he freight

bill identified in Count III and the Komatsu excavator and trucking charges identified in Count VI are separate and distinct charges for separate services rendered." (Shaffer Aff. ¶ 5.)  Shaffer's deposition is in conflict:

> Q: And I think we talked about a freight bill there that's referenced in Paragraph 4 of Count 3, specifically talking about the Keytesville, Missouri job, right?
> A: Yes.
> Q: And I think you told me that freight bill was for the unloading of a rail gondola; is that right?
> A: Yes.
> Q: And is that freight bill, that unloading of that rail gondola we were discussing in Count -- Paragraph 4 of Count 3, is that what is being referred to in Count 6?
> A: Yes.

(Shaffer Dep. at 148-149.)

"It is a well-settled rule . . . that a plaintiff cannot create an issue of material fact merely by manufacturing a conflict in his own testimony by submitting an affidavit that contradicts an earlier deposition." *Piscione v. Ernst & Young, LLP*, 171 F.3d 527, 532-33 (7th Cir. 1999).  Where conflicts exist between a deposition and a later filed affidavit, the latter document must yield. *Id.* at 532-33.  Exceptions exist where the conflicts stem from confusion, mistake, or forgetfulness, *id.*, but Shaffer & Sons raises no such argument here.

Therefore, in light of Shaffer & Sons' failure to comply with the local rules and its complete reliance on an affidavit that, without explanation, contradicts prior deposition testimony, the only evidence properly before this Court comes from Shaffer's deposition. As described in Alter's statement of facts, Shaffer's deposition testimony contains admissions that Counts 5 and 6 are redundant of Counts 2 and 3. As such, judgment is proper on Counts 5 and 6.

### B.   Attorney Fees

Alter also invokes Federal Rules of Civil Procedure 56(g) in an effort to recover the costs of preparing its reply brief. Rule 56(g) provides for the recovery of reasonable expenses and attorney fees where "an affidavit . . . is submitted in bad faith or solely for delay . . . ." Fed. R. Civ. P. 56(g). Here, the affidavit flatly contradicted several key aspects of the affiant's prior deposition and did so without any explanation or acknowledgment. In such circumstances, fees and costs are appropriate. *See Barticheck v. Fidelity Union Bank/First Nat'l State*, 680 F. Supp. 144, 150 (D.N.J. 1988).

Thus, costs and attorney fees relating to the Reply brief will be

granted to Alter. A statement of such fees shall be submitted within 10 days of the entry of this order.

## IV.   CONCLUSION

<u>Ergo</u>, Alter's motion for summary judgment [d/e 16] is GRANTED with respect to Counts 5 and 6. The motion for attorney fees [d/e 16] is also GRANTED, subject to Alter's filing of a statement of fees within 10 days of entry of this order.

IT IS SO ORDERED.

ENTERED:                              May 14, 2009

FOR THE COURT:                 /s Judge Richard Mills
                                              United States District Judge